UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| LARA A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 2:21-cv-2282 |
| | ) | |
| CITY OF FARMER CITY, ILLINOIS, | ) | |
| A Municipal Corporation, | ) | |
| | ) | **JURY TRIAL** |
| Defendant. | ) | **DEMANDED** |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Ms. Lara A. Davis ("Plaintiff" or "Davis"), by and through her attorney of record, Ronald S. Langacker, and for her Complaint at Law, hereby states as follows:

## NATURE OF THE ACTION

1. This case involves Defendant, the City of Farmer City, Illinois ("Farmer City" or "City"), a municipal corporation, and the discrimination, harassment, and constructive discharge of an employee. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*, and the Equal Pay Act of 1963, as codified under 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter as it arises from the federal questions arising from Title VII of the Civil Rights Act of 1964 ("Title VII") as codified under 42 U.S.C. §§ 2000e, *et seq*., and the Equal Pay Act of 1963 ("EPA"), as codified under 29 U.S.C. §§ 201, *et seq*.

3. The venue is proper in the Urbana Division of the Central District of Illinois because the alleged unlawful employment practices were committed within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

5. Plaintiff filed Charge #440-2019-07910 with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2020. See Exhibit A. The EEOC issued a Determination Letter on February 10, 2021, and the Department of Justice issued a Notice of Right to Sue on October 28, 2021. See Exhibits B and C. All allegations of said charges and exhibits are incorporated by reference.

## STATEMENT OF FACTS

6. At all relevant times herein, Plaintiff, Ms. Lara Davis, is a protected party under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*., as a result of her sex (female).

7. Defendant, City of Farmer City, Illinois, is a municipality located in DeWitt County, Illinois.

8. In 2007, Ms. Davis received her Bachelor's in Criminal Justice from the University of Illinois at Chicago, and worked for the Geneva Police Department for 3 years after graduation.

9. Ms. Davis was hired with the Farmer City Police Department in September 2011. From her hire date through January 2014, Ms. Davis worked as a part-time patrol officer, and from January 2014 through August of 2019, served as a part-time School Resource Officer.

10. Ms. Davis met and exceeded her employer's reasonable expectations at all times during her employment.

11. As a part-time School Resource Officer ("SRO"), Ms. Davis was earning $19.04 per hour. Ms. Davis's part-time status precluded her from joining the Department's collective bargaining unit, and she was unable to qualify for any employment benefits.

12. In February of 2019, Farmer City Police Chief Mr. Glenn Neal advised Ms. Davis that he wanted to propose that the SRO position should be full-time and offer Ms. Davis the opportunity

to become a full-time employee with the Department. The full-time position would allow Ms. Davis to join the union, and otherwise be eligible for other full-time benefits.

13. In May of 2019, both the Blue Ridge Community Unit School District #18 School Board and the City Council agreed to expand Ms. Davis's part-time SRO position into a full-time position.

14. After the City approval of the full-time SRO position, Chief Neal provided Ms. Davis with a document titled "Estimated Cost for Ofc. Davis as a Full Time Officer for FY 19/20." See Exhibit D. The document showed that Ms. Davis would be earning $17.27 an hour as a full-time employee, as opposed to the $19.04 an hour she was currently earning as a part-time officer. When Ms. Davis asked Chief Neal why she would be earning less as a full-time employee than a part-time employee, Chief Neal responded that the Collective Bargaining Agreement ("CBA") indicated that she would need to start at a lower pay grade.

15. After her conversation with Chief Neal, Ms. Davis spoke with Officer Ballard to confirm Chief Neal's representations regarding CBA pay rates. Ballard informed Ms. Davis that the CBA allowed officers to receive up to seven (7) years of credit for previous law enforcement experience. Ms. Davis was informed that other officers had received credit for their prior law enforcement experience, and as a result, these officers were able to commence full-time employment with Farmer City at a higher rate of pay under the CBA. At that time, Ms. Davis had eleven (11) years of employment in law enforcement and would have also qualified for the higher pay scale.

16. Ms. Davis once more asked Chief Neal to confirm that she would not be receiving credit for her prior years of law enforcement service. Chief Neal became angry and asked Ms. Davis because she was "wasting his time if she didn't want to accept the job". Chief Neal followed

this statement by informing Ms. Davis that once she began the full-time SRO position, she would be placed on a 12-month probationary period with the Department.

17. Ms. Davis did not raise the topic of her rate of pay again, as she was worried that Chief Neal would discipline or terminate her if she addressed the issue. Ms. Davis felt that Chief Neal's comment about her probationary period was a thinly veiled threat, since as a probationary employee, she would be subject to probationary termination procedures.

18. As a result of the intimidating and hostile environment with the Department, Ms. Davis felt compelled to resign in August of 2019.

19. Ms. Davis was replaced by Max King, who was hired as a full-time SRO in September 2019. Mr. King was provided by the Defendant with five (5) years of prior law enforcement service credit and his starting pay was $21.00 an hour, upon Plaintiff's information and belief.

## COUNT I
## Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e

20. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

21. Plaintiff is a protected party under Title VII (Civil Rights Act of 1964, Section 701 *et seq*., 42 U.S.C.A. 2000e *et seq*.) as a result of her gender (female).

22. Defendant has discriminated against Plaintiff by treating her differently from, and less preferably than, similarly situated male employees, and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her sex.

23. Plaintiff was not paid compensation equal to that paid to male employees of equal skill, effort, and responsibility.

24. Defendant's policies, practices, and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

25. Defendant violated federal law by permitting a work environment to exist that was discriminatory to Plaintiff, and other female employees, and by constructively discharging Plaintiff.

26. Defendant would not have subjected Plaintiff to discriminatory pay, discriminatory denials of pay raises, and other differential treatment but for Plaintiff's sex.

27. As a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of sex, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT II
**Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq*.**

28. Plaintiff repeats and re-alleges all of previous paragraphs in this Complaint as if fully set forth herein.

29. As a result of her sex, Plaintiff is protected from sex discrimination pursuant to the Equal Pay Act, which is part of the Fair Labor Standards Act of 1938, as amended, and which prohibits sex-based wage discrimination between men and women in the same establishment who perform jobs that require substantially equal skill, effort, and responsibility under similar working conditions.

30. Specifically, 29 U.S.C. § 206(d) prohibits sex discrimination as follows: "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of

5

which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."

31. Defendant has discriminated against Plaintiff by treating her differently from, and less preferably than, similarly situated male employees, and subjecting her to discriminatory pay based on her sex.

32. Defendant's policies, practices, and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

33. Defendant violated federal law by permitting a work environment to exist that was discriminatory to Plaintiff and other female employees, and by constructively discharging Plaintiff.

34. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based upon gender, in violation of the EPA, and this conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the EPA, a three-year statute of limitations applies to such violations.

35. At all times material hereto, Defendant engaged in willful discriminatory practice or practices to the federally protected rights of Plaintiff so as to support an award of liquidated damages and attorneys' fees pursuant to 29 U.S.C. § 216(b).

36. As a direct and proximate result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer pecuniary loss, including lost earnings, and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ms. Lara A. Davis, prays this Honorable Court grant the following relief:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this Complaint;

B. Order that Plaintiff be reinstated to her previous employment position;

C. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate her, and grant Plaintiff a judgment against Defendant for punitive damages;

D. Assess against Defendant and in favor of Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by it;

E. Award Plaintiff damages for pain and suffering;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H. Such other relief as this Court deems necessary and proper.

    PLAINTIFF DEMANDS TRIAL BY JURY

| | |
|---|---|
| Ronald S. Langacker, #6239469<br>Langacker Law, Ltd.<br>210 N. Broadway<br>Urbana, Illinois 61801<br>(217) 954-1025<br>ron@langackerlaw.com | LARA A. DAVIS,<br>PLAINTIFF<br><br>By: /s/Ronald S. Langacker<br>Ronald S. Langacker<br>Attorney for Plaintiff |